IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAUL D. REIS, JR.,
    Plaintiff,

vs.                                        Case No.: 5:12cv336/MMP/EMT

UNITED STATES OF AMERICA, et al.,
    Defendants.

---

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's "Injunction Motion," hereby construed as a Motion for Injunctive Relief (doc. 16).

    Plaintiff, a federal prisoner incarcerated at the United States Penitentiary in Terre Haute, Indiana, initiated this action by filing a civil rights complaint pursuant to 28 U.S.C. § 1331 or § 1346 against the United States Attorney General Eric Holder, Bureau of Prisons ("BOP") Director Charles Samuels and Regional BOP Director Sero, as well as the Warden, Associate Warden and six employees of the Federal Correctional Institution at Marianna, Florida ("FCI Marianna") (*see* doc. 1). Plaintiff has since amended his complaint and names only the Warden, Associate Warden and five employees or contractors at FCI Marianna, where he was housed prior to the initiation of this action (*see* doc. 8; *see also* doc. 1). In his statement of claims, Plaintiff complains that Defendants violated his Eighth Amendment rights by failing to intervene or prevent sexual assaults against him, that two Defendants fabricated retaliatory allegations against him, and that he was denied due process in a hearing related to the allegedly fabricated charges (doc. 8 at 14). He seeks transfer to a medium security facility, removal of the fabricated allegations from his institutional record, and compensatory and punitive damages (*id.*). Leave to proceed in forma pauperis has been granted, and the initial partial filing fee has been paid (*see* docs. 10, 12).

In the instant motion for injunctive relief, Plaintiff asserts that he has been retaliated against by unspecified individuals as a result of having filed the complaint in this case. He also complains he was transferred to Terre Haute, in order to interfere with his ability to pursue this civil action and/or retaliate against him for doing so (doc. 16 at 1). Plaintiff states that at his new institution he has been placed in confinement, separated from his legal materials and fears for his safety, as prison officials are trying to place hostile inmates in his cell in hopes they will cause bodily harm or death to Plaintiff (*id.*). He asks for a restraining order to prevent him from being placed with any cell mate, to allow privileged legal mail, to protect him further retaliation and harassment from prison officials, and to restore his full privileges, including access to the law library, use of the telephone and contact visitation (*id.* at 1–2).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;
2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the defendant; and
4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted); All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed.

<u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>All Care Nursing Serv.</u>, 887 F.2d at 1537; <u>United States v. State of Ala.</u>, 791 F.2d 1450, 1457 n.9 (11th Cir. 1986). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. <u>Devose</u>, 42 F.3d at 471; <u>Little v. Jones</u>, 607 F.3d 1245, 1251 (10th Cir. 2010) (there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the complaint). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

The acts or omissions complained of in Plaintiff's motion for injunctive relief are only tangentially related, if at all, to the allegations in his amended complaint. Furthermore, none of the Defendants named in Plaintiff's most recent complaint are employed at the institution where he is currently housed. Therefore, even accepting Plaintiff's allegations as true, Defendants have nothing to do with Plaintiff's custodial circumstances. In short, Plaintiff has failed to carry his burden of persuasion.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Injunctive Relief (doc. 16) be **DENIED.**

At Pensacola, Florida, this 1st day of February 2013.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**